```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**EBRAHIM ADKINS,**

                    **Plaintiff**

      v.                              **CASE NO. 11-3159-SAC**

**J. LEE JOHNSON, et al.,**

                    **Defendants.**

## O R D E R

A former Kansas prisoner proceeds pro se seeking relief under 42 U.S.C. § 1983 from a Kansas Supreme Court Justice, two Wyandotte County Juvenile Judges, seven attorneys in the Wyandotte County District Attorney's office, and two officials in the Kansas City, Kansas, police department.

Adkins contends he was denied his constitutional rights under the First, Fifth, Sixth, and Fourteenth Amendments regarding the denial of state appellate review in five juvenile cases in 1996 and 1997. It appears Adkins met with no success in his recent attempt to withdraw his pleas in those five cases, or in his attempt to appeal that decision. Adkins seeks the reversal of the juvenile convictions, disciplinary action taken against all defendants, a restraining order to prevent future retaliation, and both compensatory and punitive damages.

Having reviewed Adkins' allegations, the court finds for the following reasons that the complaint should be summarily dismissed as frivolous, as stating no claim upon which relief can be granted under § 1983, and as seeking monetary relief from persons immune

from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Eleventh Amendment clearly bars Adkins' attempt to seek relief from any of the state court judges in their official capacity.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002); *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).  These defendants also are entitled to absolute immunity to the extent Adkins seeks relief in each defendant's individual capacity.  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.2002).

To the extent Adkins seeks declaratory and injunctive relief based on alleged constitutional error in the juvenile convictions, such relief must be pursued through habeas corpus, 28 U.S.C. § 2254.  There is, however, nothing to suggest that Adkins can now satisfy the "in custody" requirement for seeking relief under § 2254.

Moreover, to the extent Adkins seeks damages from the two Kansas City police officials, Adkins identifies no personal participation by either defendant in the alleged violation of his constitutional rights.  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008).  And to the extent plaintiff's allegations implicate the validity of the five juvenile judgments, no cognizable claim for damages under § 1983 is presented until Adkins demonstrates one or more of those particular judgments have been reversed or set aside.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and that plaintiff's motion for appointment of counsel (Doc. 3) is denied as

moot.

**IT IS SO ORDERED.**

DATED:  This 8th day of November 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge